# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

**CLERK US DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS FLORIDA**
**2017 MAY 30  AM 9: 54**

**FILED**

**Robert R. & India L. Prunty (pro se)**
**427 West Hickory Street,**
**Arcadia, Florida 34266**
**863-991-5195**
**mrmodady@dcemail.com**

**JURY TRIAL DEMAND**

**Plaintiff(s)**

**vs.**

**JUDGE:**

**The School District of Desoto County, Florida**
**& Board of Directors 530 Lasolona Avenue,**
**Arcadia, Florida 34266, c/o Exceptional Student**
**Education Department, (ESED) & Dr. Karyn E.**
**Gary, (Former Superintendent) and ESE Director,**
**Dr. Angela Staley, 530 Lasolona Avenue,**
**Arcadia, Florida 34266; The Agency For**
**HealthCare Administration, (AHCA) and**
**Mr. Shevaun Harris, Asst. Deputy Secretary,**
**2727 Mahan Drive mail stop #8 Tallahassee,**
**Florida 32308; Ms. Elizabeth Dudek, Director,**
**2727 Mahan Drive, Tallahassee, Florida 32308**
**& Mr. Damon Rich, Bureau Chief, 2727 Mahan**
**Drive, Tallahassee, Florida 32308;**
**The Jack Nicklaus Miami Children's**
**Hospital, (JNMCH), c/o Mr. Alex Soto,**
**Chairman & Board of Directors,**
**3100 S.W. 62nd Ave, Miami, FL 33155**

**Case No:**

**2:17-cv-291-FtM-99CM**

**SUPREMACY CLAUSE**

**EQUAL PROTECTION
CLAUSE**

**THREE JUDGE PANEL**

**STRICT SCRUTINY INVOKED**

**Defendant(s)**

A CIVIL ACTION ARISING UNDER THE UNITED STATES
CONSTITUTIONS 14TH AMENDMENT; 42 U.S.C. 1983; 42 U.S.C. 1985(3);
THE CIVIL RIGHTS ACT OF 1964, TITLE VI SECTION 602; INVASION
OF PRIVACY(INTRUSION UPON SECLUSION) & INTENTIONAL
INFLICTION OF EMOTIONAL DISTRESS DUE TO CUSTOM, POLICY
AND PRACTICE OF RACIAL DISCRIMINATION—STRICT SCRUTINY
REQUESTED—DECLARATORY & INJUNCTIVE RELIEF SOUGHT—
PUNITIVE DAMAGES ALSO BEING SOUGHT

## COMPLAINT

1.) Plaintiff Robert R. Prunty, Jr., brings this action on behalf of himself and other similarly

situated African American parents being unfairly deprived of Due Process of Law and Equal

Protection under the Law, in contravention of the United States Constitutions 5th and 14th

Amendment, and such Complaint is hereby directed against the School District of Desoto

County(SDDC) and Dr. Karyn E. Gary, (Former Superintendent of Desoto County Schools) and

it's Board of Directors and the Exceptional Student Education Department (ESED) and Dr.

Angela Staley and Staff, and the Agency for Health Care Administration, (AHCA) and

Director(s) Ms. Elizabeth Dudek, Mr. Damon Rich & Mr. Shavaun Harris and AHCA Board of

Directors and the Jack Nicklaus Miami Children's Hospital and Chairman Mr. Alex Soto and

JNMCH Board of Directors, who are all being collectively sued in an "Individual Capacity", and

also in an "Official Capacity" for purposes of prospective and injunctive relief only—and would

hereby state the following:

## INTRODUCTION

2.) Plaintiff, Robert R. Prunty, Jr., alleges the Defendants, AHCA, the SDDC and the JNMCH,

through their named agents and employees, have maintained a Systematic Policy and Practice of

forbidding African American Parents from enjoying the Constitutional Right to "Direct the

Upbringing, Education and Care of Children", and such actions instantly violate a "Fundamental

Right" of United States Parent/Citizens.  (See: Stanley v. Illinois, 405 U.S. 645, 651, 92 S. Ct.

1208, 31 L. Ed. 2d 551(1972); Wisconsin v. Yoder, 406 U.S. 205, 232, 92 S. Ct. 1526, 32 L.Ed.

2d15 (1972): Quilloin v. Walcott, 434 U.S. 246, 255, 98 S. Ct. 549, 54 L.Ed 511 (1978); Parham

v. J.R., 442 U.S. 584, 602, 99 S.Ct.2493, 61 L.Ed.2d 101 (1979); Sankofsky v. Kramer, 455 U.S.

745, 753, 102 S.Ct. 1388, 71 L.Ed.2d  599 (1982); Brown v. Board of Education, 347 U.S.

483(1954) & Meyers v. Nebraska, 262 U.S. 390 No. 325 (1923), **including violations of the

Fundamental Right to be free from Racial Classifications and Discrimination, (See: Adarand v.

Pena, 515 U.S. 200, 227 (1995)).


3.) In this case, the State of Florida actually supports the complained of conduct by encouraging

the repeated patterns of unilaterally mailing unlawful Federal Contracts to unsuspecting African

American Parents, despite their complaints, years after year.  Thus, the State of Florida is

"Pervasively Intertwined" with the complained of conduct in this case. (See: Exhibit(s) A-1 &

A-2).


4.) This is an action for money damages and declaratory and injunctive relief brought pursuant to

42 U.S.C. 1983 and 1988; 42 U.S.C. 1985(3); 42 U.S.C. 2000d, Title VI of The Civil Rights Act

of 1964, Section 602, (Intentional Racial Classifications/Discrimination), Intentional Infliction of

Emotional Distress and the 5th and 14th Amendment to the United States Constitution and

Invasion of Privacy, (Intrusion Upon Seclusion).

5.) It is further alleged that the systematic policy of exclusionary and discriminatory conduct of the named Defendant persons caused the deprivation of Plaintiff's Constitutional and Federal Rights. Therefore, this Complaint seeks to impose personal liability against the named government and public officials for unlawful actions taken under color of state law, and such a "policy or practice" of defendants has caused deprivation of Plaintiff's Due Process and Equal Protection Rights under the 5th and 14th Amendment, since the policy or practice was enforced mercilessly for nearly (5) five years, despite Plaintiff's complaints and refusal to sign the unlawful contracts. Such conduct is deemed to be instantly violative of Fla. Stat. 760.01 which forbids discrimination due to race.

6.) The exclusionary conduct of the named defendants violates clearly established statutory and constitutional rights, of which a reasonable Public Official/Person would have known. In essence, the conduct herein described exhibits plain incompetence of the defendants and a knowing willingness to violate Plaintiff's Constitutional Rights. Reasonably competent public officials should know the law governing the complained of conduct. Thus, the right violated intentionally by AHCA and it's agents, the SDDC and it's agents and the JNMCH and it's agents, is a "Clearly Established Constitutional Right" that was well-established at the time of the alleged lengthy and State supported patterns of discrimination.

7.) Such allegedly unconstitutional Policies, Practices and Customs of the Defendants makes them also liable under theories of Respondeat Superior for the torts allegedly committed by AHCA, the SDDC and the JNMCH through State Actor/agents, Ms. Elizabeth Dudek, Mr.

Damon Rich, Mr. Shavaun Harris, Dr. Karyn E. Gary & Dr. Angela Staley and Mr. Alex Soto and

the collective John and Jane Doe defendant Boards of Directors.

8.) Evidence of this case further shows that AHCA, in blatantly refusing to abide by the Southern

District Courts previous mandate and Orders to provide ABA services, while being sued for the

herein complained of actions, is proof positive that Plaintiff is not the only person AHCA seems

intent upon denying services to, since here, as well, such conduct denies Plaintiff its right to

manage the care, custody, control, upbringing and education of children——as well as the entire

class of persons the 2012 ABA ruling applied to.

## JURISDICTION AND VENUE

9.)  The jurisdiction of this Court is invoked under Title 28, United States Code, sec. 1331 and

1367.  This action arises under the Fourteenth Amendment of the United States Constitution,

section 1, and the Act of May 31, 1870, halter 114, section 16, 16 Stat. 144 (Title 8, United States

Code 41), as hereinafter more fully appears.  The matter in controversy exceeds, exclusive of

interest and costs, the sum or value of more than $50,000.00.

9. a.) The Jurisdiction of this Court is also invoked under Title 28, United States Code, section

1343.  This action is authorized by the Act of April 20, 1871, Chapter 22, section 1, 17 Stat. 13

(Title 8, United States Code, section 43), to be commenced by any Citizen of the United States or

other persons within the jurisdiction thereof to redress the deprivation, under door of state law,

statute, ordinance, regulation, custom or usage, or rights, privileges and immunities secured by

the Fourteenth Amendment to the Constitution of the United States, providing for the Equal

Rights of citizens and of all other persons within the jurisdiction of the United States, as

hereinafter more fully appears.

9. b.) The Jurisdiction of this Court is also invoked under Title 28, United States Code, section

2281. This is an action for an interlocutory injunction and a permanent injunction restraining the

enforcement, operation and execution of Statutes of the State of Florida, by restraining the action

of Defendants, and Officers of such State, in the enforcement and execution of such statutes.

9. c.) This is a proceeding for a Declaratory Judgment and Injunction under Title 28, United

States Code, section 2201, for the purpose of determining questions in actual controversy

between the parties, to wit:

9. d.) The **question** of whether Florida State Statute 1003.57 and Florida Department of

Education Rule 6A-6.03411are unconstitutional in that they give the Defendants the power to

organize and maintain separate school enrollment procedures for the education of white parents

children's versus the procedures used for parents of black children in Desoto County, by merely

erasing mandatory Federal Procedural Rules under I.D.E.A. and the Medicaid Act regarding

parental roles and rights regarding Parental Consent, and replacing them with the intent of the

State, namely AHCA and the SDDC., by pre-filling out Federal Contracts which exclude African

American Parents from any participation in development of such contract.

9. e.) The **question** of whether the custom and practice of the Defendants operating under Fla. Stat. 1003.57 and Florida Department of Education Rule 6A-6.03411are unconstitutional in that they further empower defendants to dent African American Parents the rights and privileges to manage the "Care, Custody, Control and Upbringing of their Children", whereas the same privileges are extended to white parents similarly situated, with no denial of Due Processor Procedural Mandates.

9. f.) The **question** of whether the denial of African American Parents the right to manage the "Care, Custody, Control, Upbringing and Education" of their children, solely because of race, perpetually denies Plaintiffs such Rights, since such Rights are afforded to similarly situated white parents, who are allowed Equal Protection and Due Process of Law.

9. g.)  Plaintiff, and his wife India, as well as their (5) children, are residents of Desoto County, Florida, in the city of Arcadia.  They are among those classified as "African American", and satisfies all the requirements for normal enrollment procedures to apply and be applied, yet were still denied Due Process of Law and Equal Protection under the Law including the procedural mandates under I.D.E.A. and the Medicaid Act under color of State Law, yet were still denied the right to enroll properly.

9. h.) Instead, they are forced to accept Federal Contracts by U.S. Mails, that instantly deny African American Parents procedural rights under the Medicaid Act and I.D.E.A. regarding

parental Consent, solely because of Race.  In this case, such mailings occurred for over (5) five years at Plaintiff's private residence.

9. i.) By being compelled to "sit idly by" while State agents like AHCA, the SDDC and the JNMCH unilaterally dictate the medical and educational destinies of the Plaintiffs/Parents children, Plaintiffs/Parents must bear certain inevitable burdens and forego certain advantages, neither of which is suffered by similarly situated white parents.

9. j.) Plaintiff(s) and those similarly situated bring this action on their own behalf and pursuant to Rule 23A of the Federal Rules of Civil Procedure, there being common questions of law and fact affecting the Rights of all African American Citizens of the United States who are so similarly situated and who reside in the cities of the State of Florida and which separate separate enrollment procedures are utilized and maintained for white and african american parents of Public School age children.

9. k.) The Public Schools of Desoto County Florida are under the control and supervision of the defendants. The Agency for HealthCare Administration is under the control and supervision of the State of Florida.  Defendants, AHCA and the SDDC and the JNMCH, are under a duty to enforce the school board of education and medicaid act laws and laws of the State of Florida.

10.) Venue lies in the United States District Court for the Middle District of Florida, Fort Myers Division, because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Desoto County, Florida, 28 U.S.C. 1391(b)(2).

## DEFENDANT PARTIES

11.) Defendant the Agency for HealthCare Administration, (AHCA) is a Florida Medicaid Corporation with employees who allegedly refuse to abide by the Medicaid Act, Title VI and I.D.E.A. mandates merely to exclude African American parents from participation in Federally funded programs. These AHCA employees are alleged to have conspired with the SDDC to intentionally deprive Plaintiff of Constitutionally protected rights.  Therefore, AHCA's deliberate conduct and failure to supervise and train it's employees caused the complained of injuries.

12.) The named AHCA employees are being sued in an Individual capacity for conduct that was not discretionary and instead violative of Constitutional Parental Rights of which reasonable persons knew or should have known would harm Plaintiff and others similarly situated.
The nearly (5) five years of giving a deaf ear to Plaintiff's complaints exhibits a "Deliberate Indifference" to Plaintiff's Constitutional Rights. The individual employes with a duty to abide by the U.S. Constitution, the Medicaid Act and I.D.E.A. are Ms. Elizabeth Dudek, Mr. Shavaun Harris, Mr. Damon Rich and the AHCA Board of Directors. The AHCA failed to take reasonable steps to end or avoid the complained of unlawful conduct alleged in this Complaint.

13.) Defendant, the School District of Desoto County, is a Florida corporation with employees who refuse to abide by I.D.E.A. procedural mandates and Title VI rules merely to exclude African American parents from the enjoyment of Federally funded programs. These employees are alleged to have conspired with AHCA to intentionally deprive Plaintiff of Constitutionally protected rights. Thus, Plaintiff and all others similarly treated are likely to be wronged again unless such activities are Permanently enjoined, and such probability of future injuries is not hypothetical.

14.) The SDDC defendants are being sued in an individual capacity for conduct that was not discretionary but instead violative of Constitutional Parental Rights of which reasonable persons knew or should have known would harm Plaintiff and others similarly situated. The individual employees with a duty to abide by the U.S. Constitution, the Medicaid Act and I.D.E.A. are Dr. Karyn E. Gary, Dr. Angela Staley, and the Desoto County School Board of Directors.

15.) The nearly (5) five years of giving a deaf ear to Plaintiff's complaints exhibits a "Deliberate Indifference" to Plaintiff's Constitutional Rights. The SDDC failed to take reasonable steps to end or avoid the complained of unlawful conduct alleged in this Complaint. Therefore, the SDDC's deliberate conduct and failure to supervise and train it's employees caused the complained of injuries.

16.) Defendant, the Jack Nicklaus Miami Children's Hospital, is a Florida Corporation with employees who refuse to abide by Title VI Rules and Constitutional and State law, merely to

exclude African American parents from the enjoyment of Federally funded programs. These employees are alleged to have silently conspired with State Actors to further intentionally deprive Plaintiff of Constitutionally protected rights.

17.) The named JNMCH defendants are being sued in an individual capacity for conduct that was not discretionary and instead violative of Constitutional Parental rights of which reasonable persons knew or should have known would harm Plaintiff and others similarly situated. The individual employees with a duty to abide by the U.S. Constitution and Title VI rules are Mr. Alex Soto and the JNMCH Board of Directors. The JNMCH failed to take reasonable steps to end or avoid the complained of unlawful conduct alleged in this Complaint. Therefore, the JNMCH's deliberate conduct and failure to supervise and train it's employees caused the complained of injuries.

## NATURE OF THE CASE AND FACT PLAUSIBILITY

18.) This is a case of The State of Florida and the United States Federal Government being surreptitiously used for unlawful purposes by a group of unscrupulous employes of State Agencies and a Public Hospital who are Title VI manipulative and conniving and who have the sole intentions of depriving African American parents of their Constitutional Right to manage the "Care, Custody, Control, Companionship, Education and Upbringing" of their children, by merely excluding African American Parents from all Federally Funded programs where "Parental

Consent" is required and or where Federal funds may have to be utilized. (See sample State supported Federal I.E.P. Contracts— Exhibit(s) A-1 & A-2).

19.) Under Color of Florida State Law, Fla. Stat. Sec. 1003.57, the defendants AHCA and the SDDC are assisted and further empowered in failing to obtain "Parental Consent" for the sake of services spoken of by the statute, which describes a certain "document" that must be submitted to the Florida Department of Education according to Rule 6A-6.03411 before services can be rendered. Such a State Rule flies in the face of the Procedural Mandates of I.D.E.A and the Medicaid Act, which requires parents be directly involved with the creation of any such document, as a matter of fact and Law. (See: 20 U.S.C. 1400; Sec. 300.501(a)(2); & Sec. 300.533(a)(1);——and especially Sec. 300.533(a)(1), since Parents must also be a part of any team that determines eligibility—and Sec. 300.543(a)(1), since Parents must also be in the group that makes any educational placement decisions.

20.) Aside from boldly violating the I.D.E.A. parental rights procedural provisions, AHCA Agents and Employees intentionally fail to provide "Early and periodic Screening, Diagnosis and Treatment" to persons, like Plaintiff, that AHCA intends to deny the Constitutional Right to manage the "Care, custody, Control, Upbringing and Education" of their Children. Such conduct instantly violates 42 U.S.C. 1396a(a)(43, 42 U.S.C. 1396(a)(4)(B), 42 U.S.C. 1396d(r).

21.) Because the statute specifically fails to include or consider "Parental Consent" requirements as actually mandated by I.D.E.A. and the Medicaid Act, it allows and further empowers the named defendants to intentionally fail to obtain the required "Parental Consent" required by

I.D.E.A. and the Medicaid Act, year after year, with no recourse or ability to change it, as I.E.P. contracts are never redacted for lack of such "Parental Consent", and the "unilateral entries" within I.E.P. Contracts of AHCA and the SDDC always stand.

22.) More specifically, Fla. Stat. sec. 1003.57(c) brazenly declares:
*"The parent of an exceptional student evaluated and found eligible or ineligible shall be notified of each such evaluation and determination"...*

This statement sounds as if Parents had no clue about any part of the evaluation—This segment of the statute implies that "parents" are literally "the last to know" when such determinations are being made or contemplated, while the Medicaid Act and I.D.E.A. have "Parental Consent" mandates that are being rhetorically overlooked by Florida Statute 1003.57, thereby allowing State Actors the power to totally exclude African American Parents from I.D.E.A. and Medicaid Act procedural mandates.

23.) As further evidence, Former Bureau Chief, Mr. Shevaun Harris, on (2) two occasions, intentionally failed to speak about "Parental Consent" and AHCA's duty to obtain such "Parental Consent" before accessing medical insurance for the first time. Nor did Mr. Harris attempt to try to correct the problem of lacking parental consent. Mr. Harris had a duty to abide by the Medicaid Acts procedural rules on both these occasions. (See: Exhibit(s) F-1 & F-2).

24.) Therefore, after becoming armed with Fla. stat. 1003.57 and F.A.C. Rule 6A-6.03411, which requires a separate document be submitted to the Florida Department of Education (without parental involvement), AHCA and the SDDC, under color of such laws, and with the support and

blessing of the State of Florida, unlawfully mailed unilaterally created I.E.P. contracts for nearly

(5) five years, to Plaintiff's private residence, despite Plaintiff's repeated complaints about the

"substance" of such contracts, which were always shoddy one-sided concoctions secretly created

by AHCA and the SDDC, **without** "Informed Parental Consent".  (See: Sample State of Florida/

AHCA supported pre-filled out I.E.P. contracts, Exhibit(s) A-1 & A-2). For over (5) five years,

AHCA and the SDDC mailed such unlawfully created contracts to Plaintiff's private residence.

25.) Accordingly, Officers and Agents employed by the Jack Nicklaus Miami Children's Hospital

(JNMCH), are silent conspiratorial partners with State actors AHCA and the SDDC, and are also

alleged to also be intentionally depriving similarly situated African American parents of their

Constitutional Right to manage the care, custody, control, companionship and education of their

children, by merely "Sending African American parents on their way" when they come expecting

treatment for their often times very ill and disturbed children needing emergency services, as in

this case. (See: Exhibit(s) E-1 & E-2).

26.) Such conduct of the JNMCH is also known as "Patient Dumping", which is prohibited in

various States Statutes and also by the United States Congress as part of the Consolidated

Omnibus Budget Reconciliation Act of 1985, (COBRA), Public Law 99-272, in a section entitled

"Emergency Medical Treatment and Active Labor Act, (EMTALA), (911)(b), codified at 42

U.S.C. 1395(dd).

27.) Beginning in late 2011, the School District of Desoto County, (SDDC), and AHCA started

unilaterally mailing completed Federal Government I.E.P. Contracts to Plaintiff's private

residence that were already filled out, and which purportedly only needed Plaintiff's signature. Plaintiff complained bitterly with the School District for several years about the "substance" of such contracts, but not about the legal implications of the unilaterally created and unlawfully mailed documents/contracts. (See: Exhibit A, sample pre-filled out IEP contracts).

28.) In Plaintiff's Case 2:16-cv-00577, filed on May 6th 2016, Plaintiff finally informed Defendants that the mailings blatantly violate procedural rules of the Medicaid Act and I.D.E.A. regarding the Parental Informed Consent which had been so long overlooked by defendants AHCA and the SDDC. However, on March 28th 2017, that action also failed due to a still present perceived need to Exhaust State Administrative Remedies, despite Plaintiff's disagreement. This present action seeks to eradicate such a need.

29.) The brazen decisions of AHCA and the SDDC to totally bypass the Medicaid Act and I.D.E.A. Procedural Mandates, while <u>unilaterally</u> mailing Plaintiff <u>pre-filled out</u> Contracts, also caused the defendants actions to implicate them in intentional violations of the Civil Rights Act of 1964, Title VI, Section 602, since exclusion of Plaintiff from Medicaid Act and I.D.E.A. procedural mandates also excludes Plaintiff from participation in programs funded by Federal dollars, pursuant to Title VI precepts and principles.

30.) Likewise, and the evidence shows, that all defendants, AHCA, the SDDC and the JNMCH, knew as a matter of fact and law that, in all their dealings with Plaintiff, that Plaintiff was engaging in "protected activity" of which they were all aware, yet AHCA the SDDC and the JNMCH all secretly took significantly adverse actions against this Plaintiff's Constitutionally

Protected Rights, and the complained of activities are directly connected to Plaintiff's well-known intent to engage in such "protected Activity" and the defendants decisions to forbid Plaintiff from enjoying Title VI benefits. (See: Exhibit(s) F-1 & F-2—showing communications between Plaintiff and then Bureau Chief Shevaun Harris occurring as early as December 2012.

31.) The evidence also shows that Plaintiff repeatedly informed defendants it felt it's actions were discriminatory, improper and or irregular, and informed the defendants on several occasions about the alleged discrimination being employed against African American parents and this Plaintiff. (See: Exhibit(s) D-1, 2 & 3).

32.) Plaintiff even wrote the White House, and directly to former President Barack Obama, in order to further report the blatantly bold level of State sponsored discrimination. (See: Exhibit E). Plaintiff therefore believed, in good faith, and with a reasonable belief, that Defendants conduct was, and still is, intentionally discriminatory, due to all the adverse action taken against Plaintiff for no reason whatsoever, except for intentional discrimination.

33.) In essence, AHCA and the SDDC have boldly usurped the Right of a Parent to decide upon the "Care, Custody and Control" and to "Direct the Education and Upbringing of children", in violation of Constitutional precepts, and of which a reasonable person should have known. The policy and practice of total exclusion of African American Parents from the "Informed Consent" mandates of the Medicaid Act and I.D.E.A., are not applied in such a manner when it comes to

White or Latino Parents, and such a reality is instantly violative of the 14th Amendment guarantee of Equal protection under the Law.

34.) ** Jack Nicklaus Miami Children's Hospital is Internationally recognized and offers comprehensive care programs for Autism and other developmental /cognitive disorders in children referred from all over the World. (See: Exhibit B). However, in or about 2015, after Plaintiff had been "referred" to the JNMCH by an AHCA affiliate, for participation in the "Autism" program, upon arrival at the "appointment", Plaintiff was merely advised of a plan that involves other hospitals and not the JNMCH and no follow-up was ever ordered for such services being sought by Plaintiff. (See: JNMCH prognosis/diagnosis/exit interview, Exhibit C).

35.) Because AHCA and the SDDC continuously mailed unlawfully created Federal Contracts for nearly (5) five years, such conduct is deemed "conspiratorial" since both AHCA and the SDDC intentionally breached their duty to obtain "Parental Consent" before creating such Contracts. (See: Unlawfully created Contracts, Exhibit A).

36.) Thus, the evidence shows that at a minimum, AHCA and the SDDC did indeed "conspire" for nearly (5) five years, and did indeed "go in disguise" on the highway or on Plaintiff's premises, due to the secretive nature of the conduct, and it's victims, and for the intentional purposes of depriving, directly and indirectly, African American Parents, and this Plaintiffs of the Equal Protection of the Law and equal privileges under the law, and such conduct is the cause of the alleged intentional discrimination.

37.) In fact, both conspirators, AHCA and the SDDC, in furtherance of the alleged conspiracy, did indeed unilaterally mail unlawfully created Federal Contracts to Plaintiff's private residence, while full knowing such conduct is unlawful and against the mandates of the Medicaid Act and I.D.E.A. procedural rules. Such conduct is alleged to have injured Plaintiff in it's person and property while Plaintiff was trying to exercise rights and privileges guaranteed citizens of the United States. Due to the object of the conspiracy being identical to AHCA and the SDDC, JNMCH is alleged to be a part of this conspiracy by silence which achieved the same goals.

## HISTORY OF PREVIOUS ACTIONS

38.) As a matter of fact and law, Plaintiff only recently learned of it's true and present Cause of Action, based upon the facts accumulated from several previously filed actions filed in haste without a full appreciation of the facts or law applicable to such facts. For instance, in the first Case, known as Case No. 1:14-cv-20834, Plaintiff felt defendants actions mainly violated the 13th Amendment. In the second action, Case No: 2:15-cv-105, Plaintiff deemed the 13th Amendment should be the focus of that action as well.

39.) Suddenly, in May of 2016, and perhaps due to the patience and wisdom of this Honorable Court, in Plaintiff's 3rd action, known as Case No: 2:16-cv-00577, Plaintiff dropped the 13th Amendment allegations and finally highlighted the "Invasion of Privacy" by the Defendants. Thus, this present action is a culmination of facts previously gained from Plaintiff's naiveté and faulty legal theories, but complemented by Plaintiff's ongoing education and understanding of the Federal laws and U.S. Constitution, based upon Case 2:16-cv-00577, and going forward.

40.) Plaintiff(s) are suffering irreparable injury and face irreparable injury in the future by reason of the acts herein complained of.  They have no plain, adequate or complete remedy to redress the wrongs and illegal acts herein complained of, other than this suit for declaration of rights and an injunction.  Any other remedy to which Plaintiff's might be remitted would be attended by such uncertainties and delays as to deny substantive relief; would involve a multiplicity of suits; and would cause further irreparable injury not only to Plaintiff's, but to defendants as government agencies.

41.) As a direct result of the acts of the Defendants, Plaintiff has suffered the following injuries and damages:

a.  Violation of Plaintiff's 5th and 14th Amendment Constitutional Right to manage the "Care, Custody, Upbringing, And Education" of it's Children and the Constitutional Right to be free from Race based Discrimination and classifications.

b.  Violation of Plaintiffs Right to Equal Protection and Due Process of Law.

42.) At all relevant times, Defendants and their Agent/Employee State Actors of AHCA, the SDDC and the JNMCH, were acting under color of law and under color of authority as providers of Educational and Medical services, and as employees and or agents of The State of Florida and their respective employers.

# COUNTS AND CAUSES OF ACTION AGAINST THE AGENCY FOR HEALTH CARE ADMINISTRATION (AHCA)

## Count One

**42 U.S.C. 1983 Against Defendants Ms. Elizabeth Dudek, Mr. Shavaun Harris, Mr. Damon Rich and Jane and John Doe Board of Directors**

43.) Plaintiff re-alleges and incorporates by reference, paragraph(s) 1 thru 42.

44.) Plaintiff claims damages under 42 U.S.C. 1983 for the injuries set forth above against Defendants Dudek, Harris, Rich and the Jane and John Doe Board Directors for violation of Plaintiff's Constitutional Rights under color of law.

## Count Two

**42 U.S.C. 1985(3) Against Dudek, Harris, Rich and Jane and John Doe Board Directors**

45.) Plaintiff re-alleges and incorporates by reference, paragraphs(s) 1 thru 44.

46.) Defendants Dudek, Harris, Rich and the Jane and John Doe Board Directors failed to train or adequately supervise their employees and instead displayed deliberate indifference to Plaintiff's complaints, while going in secret and thereby conspiring to intentionally violate Plaintiff's Constitutional Rights.

## Count Three

**The Civil Right Act of 1964, Title VI, Section 602, 42 U.S.C. 2000d, Against Dudek, Harris, Rich and the Jane and John Doe Board of Directors**

46.) Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 45.

47.) Defendants Dudek, Harris, Rich and the Jane and John Doe Board of Directors failed to train or adequately supervise their employees about Title VI rules and requirements and instead displayed deliberate indifference to Plaintiff's Rights and formal Complaints, while intentionally excluding Plaintiff from participating in programs funded by Federal dollars.

## Count Four

**Invasion of Privacy (Intrusion Upon Seclusion) Fla. Stat. 540.08 Against Dudek, Harris, Rich and the Jane and John Doe Board of Directors**

48.) Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 47.

49.) Defendants Dudek, Harris, Rich and the Jane and John Doe Board of Directors failed to

supervise and or train it's employees regarding the mailing of pre-filled out contracts to African

American parents private residences, while exhibiting deliberate indifference to their complaints

and while Intruding Upon the Seclusion of such persons, unconstitutionally. The mailings, as

instrumentalities of unconstitutionality regarding Parents Constitutional Rights to control the

care, custody, upbringing and education of children, were extreme, outrageous and highly

offensive to this Plaintiff and further inflictive of Plaintiff's Emotional Distress. (See: Exhibit(s)

A-1 & A-2).

## Count Five

### Intentional Infliction of Emotional Distress Against Dudek, Harris, Rich and the Jane and John Doe Board Directors

50.) Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 49.

51.) The deliberate indifference shown to Plaintiff while it bitterly complained about the Intentional

Discrimination is a reflection of the deliberate and reckless infliction of mental suffering thrust upon this

Plaintiff by the Defendants. Such conduct as that described above is outrageous and is the proximate

cause of the complained of injuries of Emotional Distress, and the distress was severe enough to compel

Plaintiff to bring this action before this Honorable Court, despite severe facial twitches that began when

Plaintiff first learned of the gravamen of the complained of Constitutional violations. Aside from the

Facial Twitching's, Plaintiff also experiences Insomnia, Paranoia, Anger Issues, Feelings of inadequacy

about Child Upbringing, Loss of Employment, Inferiority Complexes and several other matters that

resulted from the acts of Defendants intentionally usurping and supplanting Plaintiff's Constitutional

Rights to manage the "Care, Custody, Control, Upbringing & Education" of his minor Children for over

(5) five years.

# COUNTS AND CAUSES OF ACTION AGAINST THE SCHOOL DISTRICT OF DESOTO COUNTY (SDDC)

## Count Six

### 42 U.S.C. 1983 Against Former School Superintendent Gary, Dr. Angela Staley, and the Jane and Jon Doe Board of Directors

52.) Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 51

53.) Plaintiff claims damages under 42 U.S.C. 1983 for the injuries set forth above against

Defendants Dr. Karyn E. Gary, Dr. Angela Staley, and the John Doe Board Directors for

intentional violation of Plaintiff's Constitutional Rights under color of law.

## Count Seven

### 42 U.S.C. 1985(3) Against Dr. Karyn E. Gary, Dr. Angela Staley, and the Jane and John Does Board of Directors

54.) Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 53

55.) Defendants Gary, Staley and the Jane and John Doe Board Directors failed to train or

adequately supervise their employees and instead displayed deliberate indifference to Plaintiff's

complaints, while going in secret and thereby conspiring to intentionally violate Plaintiff's

Constitutional Rights.

## Count Eight

### The Civil Right Act of 1964, Title VI, Section 602, 42 U.S.C. 2000d, Against Gary, Staley, and the John Doe Board of Directors

56.) Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 55

57.) Defendants Gary, Staley and the Jane and John Doe Board of Directors failed to train or adequately supervise their employees about Title VI rules and requirements and instead allowed such State Actors and Employees to continue to display deliberate indifference to Plaintiff's Rights and formal Complaints, while intentionally excluding Plaintiff from participating in programs funded by Federal dollars, for over (5) five years.

## Count Nine

### Invasion of Privacy (Intrusion Upon Seclusion) Fla. Stat. 540.08 Against Gary, Staley and the Jane and John Doe Board of Directors

58.) Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 57

59.) Defendants Gary, Staley and the Jane and John Doe Board of Directors failed to supervise and or train it's employees regarding the mailing of pre-filled out contracts to African American parents private residences, while exhibiting deliberate indifference to their complaints and while Intruding Upon the Seclusion of such persons, unconstitutionally.

60.) The mailings, as instrumentalities of unconstitutionality regarding Parents Constitutional Rights to control the care, custody, upbringing and education of children, were extreme, outrageous and highly offensive to this Plaintiff and further inflictive of Plaintiff's Emotional Distress. (See: Exhibit(s) A-1 & A-2).

## Count Ten

### Intentional Infliction of Emotional Distress Against Gary, Staley and the Jane and John Doe Board Directors

61.) Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 60

62.) The deliberate indifference shown to Plaintiff by State Agents and Employees of the SDDC, while Plaintiff bitterly complained about the Intentional Discrimination is a reflection of the deliberate and reckless infliction of mental suffering thrust upon this Plaintiff by the Defendants. Such conduct as that described above is outrageous and is the proximate cause of the complained of injuries of Emotional Distress, and the distress was severe enough to compel Plaintiff to bring this action before this Honorable Court, despite severe facial twitches that began when Plaintiff first learned of the gravamen of the complained of Constitutional violations.

63.) Aside from involuntary Facial Twitching's, numbness in face and head, and Migraine Headaches, Plaintiff also experiences Insomnia, Paranoia, Intermittent Anger Issues, Feelings of inadequacy about Child Upbringing, Loss of Employment, Feelings of Responsibility for Children's Health and Educational potentials detoriating, Inferiority Complexes and several other matters that resulted from the acts of Defendants intentionally usurping and supplanting Plaintiff's Constitutional Rights to manage the "Care, Custody, Control, Upbringing & Education" of his minor Children for over (5) five years.

## COUNTS AND CAUSES OF ACTION AGAINST THE JACK NICKLAUS MIAMI CHILDREN'S HOSPITAL, MR. ALEX SOTO AND JANE AND JOHN DOE BOARD OF DIRECTORS

## Count Eleven

### 42 U.S.C 1983 Against Mr. Alex Soto and the Jane and John Doe Board of Directors

64.) Plaintiff re-alleges and incorporates paragraphs 1 thru 63

65.) Plaintiff claims damages under 42 U.S.C. 1983 for the injuries set forth above against Defendants Mr. Alex Soto and the Jane and John Doe Board of Directors for intentional violation of Plaintiff's Constitutional Rights under color of law.

## Count Twelve

**42 U.S.C. 1985(3) Against Mr. Alex Soto and Jane and John Doe Board Directors**

66.) Plaintiff re-alleges and incorporates paragraphs 1 thru 65

67.) Defendants Soto, and the John Doe Board Directors failed to train or adequately supervise their employees pursuant to Title VI Mandates and Constitutional Provisions regarding Parental Rights and instead displayed deliberate indifference to Plaintiff's complaints, while going in secret and thereby conspiring to intentionally violate Plaintiff's Constitutional Rights. In near "lock-step fashion", JNMCH agents and employees attempted in perpetuate and further implement AHCA's secret resolve to thwart Florida Southern District Judge Joan Lennard's March 26th 2012 order, which declared:

*"As of  10:50 March 26th, 2012, the State of Florida is hereby ordered to provide, fund and authorize Applied Behavior Analysis treatment to Plaintiff's….and Defendants shall take whatever additional steps as are necessary for the immediate and orderly administration of ABA to Plaintiff's…*

68.) Therefore, the JNMCH defendants agents were acting under color of State Law and also conspiring under 42 U.S.C. 1985(3) by silence and acquiescence, while actually turning Plaintiff away when he was seeking Emergency Services for his Children. The JNMCH however, treats White and Latino Parents of persons with Autism regularly, and does not turn them away.

## Count Thirteen

### The Civil Rights Act of 1964, Title VI, section 602, Against Mr. Alex Soto and the Jane and John Doe Board of Directors

69.) Plaintiff re-alleges and incorporates by reference paragraphs 1 thru 68

70.) Defendants Soto and the Jane and John Doe Board of Directors failed to train or adequately supervise their employees about Title VI rules and requirements and instead allowed such State Actors and Employees to continue to display deliberate indifference to Plaintiff's Rights, while actively "patient dumping" in order to completely exclude Plaintiff from participating in the JNMCH ABA and Autism Programs as it does for White and latino Citizens, and such programs are funded by Federal dollars. The resultant exclusion and discrimination was intentional, wanton and willful.

## Count Fourteen

### Intentional Infliction of Emotional Distress Against Alex Soto and the Jane and John Doe Board of Directors

71.) Plaintiff re-alleges and incorporates by reference, paragraphs 1 thru 70

72.) The deliberate indifference shown to Plaintiff by secret State Agents the JNMCH and its employees, after Plaintiff drove over 250 miles for the appointment it took months to obtain, is clear to see, since after Plaintiff arrived at the "appointment", Plaintiff was directly sent home with a child who was in dire need of emergency series as a matter of fact and law, and Employees of the JNMCH, while Plaintiff bitterly complained about the lack of services turned a deaf ear to such complaints and even told Plaintiff, by telephone, "We are not accepting applicants at this time".

73.) Such Intentional Discrimination is a reflection of the deliberate and reckless infliction of mental suffering thrust upon this Plaintiff by the Defendants. Such conduct as that described above is outrageous and is the proximate cause of the complained of injuries of Emotional Distress, and the distress was severe enough to compel Plaintiff to bring this action before this Honorable Court, despite severe facial twitches that began when Plaintiff first learned of the gravamen of the complained of Constitutional violations.

74.) Aside from involuntary Facial Twitching's, Numbness in face, head and neck, and Migraine Headaches, Plaintiff also experiences Insomnia, Paranoia, Intermittent Anger Issues, Feelings of inadequacy about Child Upbringing, Loss of Employment, Feelings of Responsibility for Children's Health and Educational potentials detoriating, Inferiority Complex and several other matters that resulted from the intentional acts of Defendants intentionally usurping and supplanting Plaintiff's Constitutional Rights to manage the "Care, Custody, Control, Upbringing & Education" of his minor Child.

## Count Fifteen

Respondeat Superior Against all Employers of Defendants AHCA, the SDDC and the JNMCH

75.) Plaintiff re-alleges and incorporates paragraphs 1 thru 74

76.) Defendants, AHCA, the SDDC and the JNMCH are liable for the intentional violations of Plaintiff's Constitutional Right to manage the "Care, Custody, Control, Upbringing and Education of his minor Children" as well as 42 U.S.C. 1983; 42 U.S.C. 1985(3), The Civil Rights Act of 1964, Title VI, Invasion of Privacy, (Except the JNMCH); and Intentional Infliction of Emotional Distress, while all were acting within the scope of their employment with Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff(s) respectfully pray that:

76. a.) This Honorable Court, upon filing of this complaint, notify the Chief Judge of this Circuit as required by 28 U.S.C.A. sec. 2284, so that the Chief Judge may designate two other judges to serve as members of a three judge court as required by 28 U.S.C.A. 2281, to hear and determine this action.

76. b.) That this Honorable Court enter a judgment or decree declaring that the policy, custom, usage, and practice of Defendants in operating Fla. Stat. 1003.57 and Board of education Rule 6A-6.03411 are unconstitutional insofar as they empower defendants to set up separate enrollment procedures for African American and White Parents and children.

76. c.) That this Honorable Court enter a judgment or decree declaring that the policy, custom, usage and practice of defendants in operating under Fla. Stat. 1003.57 and Department of Education Rule 6A-6.03411 are denying African American Plaintiff/Parents and other African American Parents residing in Desoto County Florida solely because of their Race or Color and the right and privilege of enrolling in Public Schools without State intervention and Control, and such treatment is different than that administered to White Parents, and such acts equal denials of the Equal Protection Clause of the United States Constitution and are therefore unconstitutional and void.

76. d.) That this Honorable Court issue a Permanent Injunction forever restraining and enjoining the defendants from executing so much of Fla. Stat. 1003.57 and Board of Education Rule 6A-6.03411 as empowers them to set up separate enrollment procedures for African American and White parents and Children.

76. e.) That this Honorable Court issue a Permanent Injunction forever restraining and enjoining the defendants from denying African American Parents, on account of their Race or Color, the right and privilege of managing the "Care, Control, Upbringing and Education" of their children, and from making any further distinctions based uponRace or Color in the opportunities which the defendants provide for Public Education.

76. f.) The Honorable Court will allow Plaintiff(s) their costs herein, reasonable attorneys fees, and such other and further relief as may appear to the Court to be equitable and just.

## JURY TRIAL DEMAND

77.) Plaintiff demands a Jury Trial pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully Submitted

**Robert R. Prunty, Pro Se**

**427 W. Hickory Street**
**Arcadia, Florida 34266**
**tel. 863.991.5195**
**email: mrmodady@dcemail.com**

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury, that a true and correct copy of the foregoing was served upon the below named entities by personal service according to FRCP Rule 4, on or about May ___30th___ 2017

1.) The Agency for Health Care Administration, (AHCA), c/o Ms. Elizabeth Dudek, or Board of Directors, 2727 Mahan Drive Tallahassee, Florida 32308

2.) The School District of Desoto County, c/o Board of Directors, 530 Lasolona Avenue, Arcadia, Florida 34266

3.) The Jack Nicklaus Miami Children's Hospital, c/o Mr. Alex Soto, or Board of Directors, 3100 S.W. 62nd Avenue, Miami, Florida 33155

4.) The United States District Court for the Middle District of Florida, Fort Myers Division, c/o Clerk's Office, 2110 First Street, (2nd Floor) Fort Myers, Florida 33901