UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY,

    Plaintiff,

v.                            Case No: 2:17-cv-291-FtM-99CM

AGENCY FOR HEALTHCARE
ADMINISTRATION, ELIZABETH
DUDEK, THE JACK NICKLAUS
MIAMI CHILDREN'S HOSPITAL,
THE SCHOOL DISTRICT OF
DESOTO COUNTY & BOARD OF
DIRECTORS and ALEX SOTO,

    Defendants.

## ORDER

This matter comes before the Court upon review of Defendants' Joint Motion to Stay Requirement to Conduct a Case Management Conference and File a Case Management Report (Doc. 26) filed on July 10, 2017. Defendants The Jack Nicklaus Miami Children's Hospital, Inc., Alex Soto, the Desoto County School Board and District, and Justin Senior ("Senior")[1] in his official capacity (collectively, "Defendants") seek to stay the requirement to conduct a case management conference ("CMC") and file a case management report ("CMR") until the Court rules on their

---

[1] On May 30, 2017, Plaintiff filed a Complaint against Defendants. Doc. 1. The Complaint named as a defendant Elizabeth Dudek in her official capacity, who is the former Secretary of the Agency for Health Administration. *Id.* Senior, the new Secretary, substituted Elizabeth Dudek as a party defendant regarding any claims Plaintiff alleged against Dudek in her official capacity and joined the present motion. Doc. 26 at 1 n.1.

pending motions to dismiss. Doc. 26. Plaintiff filed a response in opposition. Doc. 34.

In June 2017, Defendants filed three separate motions to dismiss the Complaint. Docs. 11, 13, 19. On July 7, 2017, Plaintiff filed the First Amended Complaint as of Course ("Amended Complaint"). Doc. 25. As a result, Senior United States District Judge John E. Steele denied as moot the motions to dismiss (Docs. 11, 13, 19). Doc. 30. On July 13 and 14, 2017, Defendants Desoto County School District, Jack Nicklaus Miami Children's Hospital and Alex Soto filed two motions to dismiss the Amended Complaint. Docs. 27, 28. On July 18, 2017, the Agency for Healthcare Administration filed a motion to dismiss the Amended Complaint. Doc. 39.

Defendants argue that the Amended Complaint reiterates the issues raised in three prior cases, all of which were filed by Plaintiff with this Court and dismissed for Plaintiff's failure to exhaust administrative remedies. Doc. 26 at 2. Defendants allege that despite the holdings in these cases, Plaintiff has not yet exhausted administrative remedies. *Id.* Thus, Defendants seek to dismiss the Amended Complaint for Plaintiff's failure to exhaust administrative remedies and to state a claim. *Id.* Pending judicial resolution of their motions to dismiss, Defendants seek to stay the requirement of conducting a CMC and filing a CMR. *Id.* at 5. In response, Plaintiff argues that he is physically and legally unable to exhaust administrative remedies, and Defendants have not met their burden to stay this case. Doc. 34.

The United States Supreme Court has held that a district court has broad discretion to stay proceedings as part of its inherent power to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Furthermore, the Eleventh Circuit has noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted). The court explained that "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* at 1367 (citation omitted). A party's litigation history also is a relevant factor when the Court determines whether to stay proceedings pending the resolution of a motion to dismiss based on facial challenges. *Allmond v. Duval Cty.*, No. 3:08-cv-486-J-34TEM, 2010 WL 520813, at *3 (M.D. Fla. Feb. 9, 2010); *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-cv-298-J-34TEM, 2009 WL 4899400, at *2 (M.D. Fla. Dec. 11, 2009).

Here, the Court finds appropriate to stay the requirement of a CMC and a CMR based on Plaintiff's litigation history and his prior cases' dismissal for the same issues raised here in the pending motions to dismiss. Doc. 26 at 2; *Allmond*, 2010 WL 520813, at *3; *Moore*, 2009 WL 4899400, at *2. Judicial adjudication of the pending motions to dismiss may significantly limit the scope of this case, preserving the parties' time and expenses of litigating this case. *Chudasama*, 123 F.3d at 1368 ("If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").

ACCORDINGLY, it is hereby

**ORDERED:**

Defendants' Joint Motion to Stay Requirement to Conduct a Case Management Conference and File a Case Management Report (Doc. 26) is **GRANTED**. The parties shall conduct a case management conference and file a case management report within **FOURTEEN (14) DAYS** of judicial resolution of the pending motions to dismiss (Docs. 27, 28, 39).

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of July, 2017.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Robert R. Prunty *pro se*