UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT R. PRUNTY,

    Plaintiff,

v().                                    Case No: 2:17-cv-291-FtM-99CM

AGENCY FOR HEALTHCARE
ADMINISTRATION, AHCA,
ELIZABETH DUDEK, Director,
THE JACK NICKLAUS MIAMI
CHILDREN'S HOSPITAL, JNMCH,
THE SCHOOL DISTRICT OF
DESOTO COUNTY & BOARD OF
DIRECTORS, and ALEX SOTO, &
Board of Directors,

    Defendants.

## **OPINION AND ORDER**

This matter comes before the Court on review of the file, and the various motions filed by the *pro se* plaintiff. The motions are resolved as set forth herein.

**A. Class Certification**

Plaintiff filed a Motion for Class Certification (Doc. #35) on July 17, 2017, seeking an appointment of class counsel and certification of a class of African-American parents of Desoto County Public School District children who filled out IEP contracts over the past 5 years. Thereafter, plaintiff filed a Motion to Strike Plaintiff's Own Previously Filed Motion for Class Certification (Doc. #45) seeking to strike the motion for his own

failure to comply with Local Rule 3.01(g). The motion to strike will be granted, and the Motion for Class Certification (Doc. #35) will be deemed stricken.

Plaintiff filed a new Motion Seeking Class Certification (Doc. #50) and Brief in Support (Doc. #51) on July 28, 2017, this time seeking to certify a class to be represented by "assigned Counsel" while plaintiff can "adequately represent himself". It is well established that a *pro se* plaintiff may plead his or her own personal case, but cannot litigate on behalf of others. See Bass v. Benton, 408 F. App'x 298, 298-99 (11th Cir. 2011); Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008) (citing 28 U.S.C. § 1654). This necessarily extends to a *pro se* plaintiff's ability to act as an adequate class representative. See, e.g., Young v. Scott, No. 2:16-CV-581-FTM-99CM, 2016 WL 4441581, at *3 (M.D. Fla. Aug. 23, 2016) (collecting cases); Bullock v. Strickland, No. 2:15-CV-638-MHT, 2017 WL 1029111, at *1 (M.D. Ala. Mar. 16, 2017) (collecting cases). Therefore, the request for class certification must be denied.

**B. Disqualification**

Liberally construed, plaintiff's "Motion and Sworn Affidavit Made Pursuant to 28 U.S.C. 144 et seq., 28 USC 455(a) & (b) Due to Actual Bias or Prejudice, With the Court's Impartiality Being Reasonably Questioned Concerning "Bent of Mind" for the Agency for Health Care Administration, (AHCA), Based Upon the Deeply

Entrenched and Longtime Financial Interests of United States District Judge John E. Steele Financial Interests with Medicaid Business Partners and Allies, Which Create an Obvious Appearance of Impropriety and Partiality" (Doc. #48) seeks to disqualify the undersigned based on a financial interest in companies that invest directly or indirectly in Medicaid or Medicare, and based on the appearance of impropriety because the undersigned presided over a previous related case.  Defendants filed Responses.  (Docs. ## 53-55.)

*1. Bias or prejudice*

Plaintiff's request to disqualify is based on 28 U.S.C. § 144, which provides that a party may file a "timely and sufficient affidavit" that the presiding judge has a personal bias or prejudice requiring reassignment.  The statute sets forth specific requirements for the affidavit:

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.  Therefore, after an affidavit is filed, the Court must determine whether it was timely filed, accompanied by a certificate of counsel of record, and sufficient in statutory

terms as set forth in § 144.  <u>Parrish v. Bd. of Comm'rs of Alabama State Bar</u>, 524 F.2d 98, 100 (5th Cir. 1975) [1].  The Court finds that the affidavit fails on all three requirements.

A previous case was originally dismissed without prejudice on February 1, 2017, and reconsideration was denied on March 29, 2017.  <u>See</u> 2:16-cv-577-FTM-29CM, Docs. ## 106, 123.  This case was initiated on May 30, 2017, however the motion seeking disqualification was not filed until July 27, 2017.  Therefore, the motion is untimely.  Further, even though plaintiff is unrepresented, the certificate of counsel of record is mandatory and the absence of the necessary certificate is fatal.  <u>See</u> <u>Everson v. Liberty Mut. Assur. Co.</u>, No. CIVA 105-CV-2459-RWS, 2008 WL 1766956, at *2 (N.D. Ga. Apr. 14, 2008) (noting cases where the absence of a certificate proved fatal).

Generally, "[t]he alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." <u>United States v. Meester</u>, 762 F.2d 867, 884 (11th Cir. 1985) (citation omitted).  It must also be focused on the party, and a judge's comments on the lack of evidence, or adverse

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

rulings do not constitute bias. <u>Hamm v. Members of Bd. of Regents of State of Fla.</u>, 708 F.2d 647, 651 (11th Cir. 1983). Judicial rulings alone are almost never a valid basis for finding bias, and "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis. . . ." <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994). It is "normal and proper" for a judge to preside over successive cases that may involve the same party. <u>Id.</u> at 551. A review of the affidavit reflects a reliance on past rulings in other cases, and is insufficient to support a finding of bias under § 144. The request for disqualification is clearly untimely, it lacks the necessary certificate of counsel, and is insufficient. The motion will be denied under § 144.

*2. Financial interest*

Although § 144 is essentially unavailable, a *pro* se plaintiff can request recusal pursuant to 28 U.S.C. § 455. Under § 455,

> **(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> **(b)** He shall also disqualify himself in the following circumstances:
>
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
> . . .

> **(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> . . . .

28 U.S.C. § 455.  "The inquiry of whether a judge's impartiality might reasonably be questioned under § 455(a) is an objective standard designed to promote the public's confidence in the impartiality and integrity of the judicial process. [ ] Thus, the court looks to the perspective of a reasonable observer who is *informed of all the surrounding facts and circumstances*."  In re Evergreen Sec., Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009) (internal citations omitted) (emphasis in original).  Adverse rulings are rarely grounds for recusal.  In re Walker, 532 F.3d 1304, 1311 (11th Cir. 2008) (citing Liteky, 510 U.S. at 554).  It is a "reasonable man standard" that is applied to determine whether recusal is appropriate.  Whitehurst v. Wright, 592 F.2d 834, 838 (5th Cir. 1979) (citations omitted).  The Court finds that a reasonable person would not question the undersigned's partiality under the circumstances of this case.  The motion will be denied on this basis.

Plaintiff asserts that a financial interest in non-party Baptist HealthCare Systems and non-party Viasys HealthCare, Inc., who collect revenues from either Medicaid or Medicare just like

defendants, equates to a financial interest that requires recusal. However, a "financial interest" does not include ownership in a mutual or common investment fund, or a propriety interest in a mutual insurance company or other similar interest under 28 U.S.C. § 455(d)(4). The motion will also be denied on this basis.

**C. Reconsideration**

Also before the Court are related motions seeking reconsideration: (1) "Motion Pursuant to Fed. R. of Civ. P. Rule 60(b)(4) Seeking to Vacate All Orders and Judgments of Federal District Court Judge John E. Steele. . . ." (Doc. #52); and (2) "Motion filed Pursuant to Fed. R. of Civ. P. Rule 60(b)(3) and Fed. R. of Civ. P. Rule 26(g), Due to Intentional Fraud Upon the Court By Officers of the Court" (Doc. #59). Responses and a Joinder in Response were filed by defendants. (Docs. ## 56-58, 60-62.)

In the first motion, plaintiff seeks to have the undersigned's orders in this case, and past closed cases, as null and void based on a financial interest in Viasys HealthCare and Baptist HealthCare Systems. The Court need not address its authority to vacate orders in closed cases because the Court finds no financial interest requiring recusal as discussed above, and as defined by § 455.

In the second motion, plaintiff alleges fraud by counsel for defendants because they "constantly claimed" that plaintiff must exhaust his administrative remedies first even though it is not

required for an action under 42 U.S.C. § 1983. Plaintiff further alleges that the Court has supported the fraud by ruling that plaintiff failed to exhaust his administrative remedies. The Court has made no rulings with regard to the pending motions to dismiss, nor any determination with regard to whether exhaustion applies or whether plaintiff has exhausted *in this case*. The motion will therefore be denied. Plaintiff further repeats his call for recusal, which will be denied for the reasons previously stated. Both motions are denied in their entirety.

**D. Judicial Notice**

Plaintiff filed a Motion Seeking Judicial Notice of Adjudicative and Legislative Facts (Doc. #38)[2] of 22 items consolidated as follows: the standard I.E.P. contracts used by the School District of Desoto County, a section of the Code of Federal Regulations, the ongoing and possibly improper use of billing for services, a Florida law and Florida Department of Education law or rule including plaintiff's interpretation of their significance, a statute of limitations exists but only applies to children, that plaintiff "as a matter of fact and law, has already utilized the State of Florida Administrative Procedures", that plaintiff is making a facial constitutional challenge, that former Desoto

---

[2] Defendants Jack Nicklaus/Miami Children's Hospital and Alex Soto filed a Response (Doc. #46), and defendant School District of Desoto County filed a Joinder (Doc. #58) in the response.

County School Superintendent is alleged to have stolen over $10 million from the Desoto County School District in 2016, that Chef Mr. Shevaun Harris wrote plaintiff a letter that his children had been approved for ABA services, and then testified in a hearing falsely that assessments had occurred, that further letters were sent containing falsehoods that services were approved, that one of plaintiff's children was discharged from Jack Nicklaus Miami Children's Hospital before he was stabilized, that Congress enacted a law in 1986 that mandated that patients could not be denied emergency medical care, that the United States Department of Education restated the importance of a section of the Code of Federal Regulations in 2013, that a federal statute contains criminal penalties, that a federal judge's denial of a stay meant that the Agency for Health Care Administration (AHCA) would be required to pay for certain services for Florida residents, that the AHCA supplied plaintiff with a list of ABA service providers who told plaintiff that AHCA did not pay or paid slowly, that the School District of Desoto County was presented with doctor recommendations that were then not applied, that the School District has conducted unilateral and unlawful evaluations of plaintiff's children, and that the Florida Department of Education notified the school district of its noncompliance.

Plaintiff seeks to have the Court take judicial notice of all of these items pursuant to Fed. R. Evid. 201 as adjudicative facts

not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). After review, the Court finds that the listed items are irrelevant to the issues at hand, include legislative facts that are specifically excluded from the Rule under subsection (a), reference facts that are subject to dispute, include plaintiff's opinion or version of facts, and/or the request is premature. The motion will be denied.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Strike Plaintiff's Own Previously Filed Motion for Class Certification (Doc. #45) is **granted** and the Motion for Class Certification is deemed stricken.

2. Plaintiff's Motion for Class Certification (Doc. #35) is **stricken** and will not be considered.

3. Plaintiff's Motion Seeking Class Certification (Doc. #50) is **denied**.

4. Plaintiff's Motion (Doc. #48) seeking disqualification or recusal is **denied**.

5. Plaintiff's "Motion Pursuant to Fed. R. of Civ. P. Rule 60(b)(4) Seeking to Vacate All Orders and Judgments of Federal District Court Judge John E. Steele. . . ." (Doc. #52) is **denied.**

6. Plaintiff's "Motion filed Pursuant to Fed. R. of Civ. P. Rule 60(b)(3) and Fed. R. of Civ. P. Rule 26(g), Due to Intentional Fraud Upon the Court By Officers of the Court" (Doc. #59) is **denied**.

7. Plaintiff's Motion Seeking Judicial Notice of Adjudicative and Legislative Facts (Doc. #38) is **denied**.

**DONE and ORDERED** at Fort Myers, Florida, this ___31st___ day of August, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record