```
                     UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

ROBERT R. PRUNTY,

       Plaintiff,

v.    Case No: 2:17-cv-291-FtM-99CM

AGENCY FOR HEALTHCARE
ADMINISTRATION, ELIZABETH
DUDEK, Director, THE JACK
NICKLAUS MIAMI CHILDREN'S
HOSPITAL, THE SCHOOL
DISTRICT OF DESOTO COUNTY &
BOARD OF DIRECTORS, and ALEX
SOTO, & Board of Directors,

       Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motions to Dismiss Plaintiff's Amended Complaint (Docs. ## 27, 28, 39), and plaintiff *pro se* Robert R. Prunty's Responses (Docs. ## 35, 43, 44). For the reasons set forth below, the motions are granted.

**I.**

Plaintiff Robert R. Prunty (plaintiff or Prunty), who is African-American, is currently proceeding on a twelve-count First Amended Complaint (Doc. #25) alleging violations of his civil and constitutional rights because defendants denied him the benefits of federal programs and the right to be involved in the formation of Individualized Education Program contracts (IEPs) for his children who have been diagnosed with Autism. Prunty alleges that

defendants' unconstitutional practices are not being applied to Caucasian parents. (Id. at § 13.) He claims violations of his "fundamental constitutional rights," 42 U.S.C. § 1985(3), and 42 U.S.C. § 1983[1], as well as common law claims for invasion of privacy and intentional infliction of emotional distress. Plaintiff seeks to enjoin defendants from following Florida Statute § 1003.57 and Florida Department of Education Rule 6A-6.034111 et seq. because the statute and rule are unconstitutional and deny plaintiff's parental rights to be involved in the IEP process under the Individuals with Disabilities Education Act's (IDEA) procedural rules, and discriminate against plaintiff based on his race. (Id. at ¶¶ 12-13.)

## II.

Once again, the Court notes as an initial matter that this is not the first case Prunty has filed alleging similar violations of his civil and constitutional rights based upon similar conduct against many of the same defendants. See Prunty v. Sibelius et al., No. 2:14-cv-313; Prunty v. Johnson & Johnson et al., No. 2:15-cv-105; and Prunty v. DeSoto Cnty. Sch. Dist. et al., No. 2:16-cv-577. In these cases, the Court dismissed plaintiff's complaint

---

[1] Plaintiff alleges that his First, Fifth, Thirteenth, and Fourteenth Amendment right to control the care, custody, upbringing, and education of his children has been denied because defendants have precluded him from participating in the IEP process for his children. (Doc. #25, ¶ 23(a).)

without prejudice for failure to exhaust the IDEA's administrative remedies. See Prunty v. Sibelius et al., 2014 WL 7066430, at 3 (M.D. Fla. Dec. 12, 2014); Prunty v. Johnson & Johnson, Inc. et al., 2015 WL 2019411 (M.D. Fla. May 1, 2015); Prunty v. DeSoto Cnty. Sch. Dist. et al., 2017 WL 435696 (M.D. Fla. Feb. 1, 2017). In Johnson & Johnson, the Court stated: "Thus, the Court emphasizes that the dismissal here is not premised upon a 'technicality' that Prunty may avoid via refiling or further amendment. Any future cases concerning the School Board's actions in connection with Prunty's children's IEPs will be subject to summary dismissal unless Prunty alleges that he has fully exhausted the IDEA's administrative remedies." Id. at *3. In DeSoto Cnty. Sch. Dist., the Court stated:

> Assuming the allegations in the First Amended Complaint are true, Prunty may have a viable IDEA claim. However, Prunty cannot assert that claim (whether characterized as a violation of the IDEA, Title VI, Section 1981, Section 1983, or any other statutory or constitutional provision), unless and until he participates in and completes the IDEA's administrative dispute resolution procedures.

2017 WL 435696, at *2.

Defendants move to dismiss, in part, on this basis that the Amended Complaint fails to exhaust IDEA's administrative remedies and should otherwise be dismissed as duplicative of Prunty v. DeSoto Cnty. Sch. Dist. et al., No. 2:16-cv-577. Plaintiff

responds that exhaustion is not required for claims brought pursuant to 42 U.S.C. § 1983.

**III.**

If a student is covered by the IDEA, school officials are required to create an IEP for that student to facilitate their academic progress. Winkelman v. Parma City Sch. Dist., 550 U.S. 516, 519 (2007). Students with Autism, such as Prunty's children, are covered by the IDEA. Id. As a parent, Prunty has the statutory right to contribute to the IEP process. Id. According to Prunty, defendants deprived him of that right. See, e.g., Doc. #25, ¶¶ 7, 15-19. Parents of covered children are "entitled to prosecute IDEA claims on their own behalf." Winkelman, 550 U.S. at 535. However, before filing a civil action for a violation of the IDEA, a plaintiff must first exhaust all available administrative remedies, including a meeting with school officials and a hearing before an Administrative Law Judge. J.P. v. Cherokee Cnty. Bd. of Educ., 218 F. App'x 911, 913 (11th Cir. 2007) ("The philosophy of the IDEA is that plaintiffs are required to utilize the elaborate administrative scheme established by the IDEA before resorting to the courts to challenge the actions of the local school authorities."). The IDEA's broad complaint provision affords the "opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational

placement of the child, or the provision of a free appropriate public education [FAPE] to such child." 20 U.S.C. § 1415(b)(6).

The IDEA's exhaustion requirements apply even if a plaintiff seeks relief via a different statute. Babicz v. Sch. Bd. of Broward Cnty., 135 F.3d 1420, 1422 n.10 (11th Cir. 1998) ("[A]ny student who wants relief that is available under the IDEA must use the IDEA's administrative system even if he invokes a different statute."). "[T]he exhaustion of administrative process is not required where resort to those remedies would be futile or inadequate. For example, courts have not required exhaustion of administrative remedies when the administrative procedure is incapable of granting the relief requested." Assoc. for Retarded Citizens of Ala. v. Teague, 830 F.2d 158, 160 (11th Cir. 1987) (citations omitted).

The Court notes plaintiff's argument that the United States Supreme Court has held that the exhaustion of state administrative remedies is not required as a prerequisite to bring an action pursuant to Section 1983. See Patsy v. Bd. of Regents of State of Fla., 457 U.S. 496, 516 (1982). Yet the Eleventh Circuit has found that a parent may not proceed with a Section 1983 claim for violations of the IDEA without first exhausting administrative remedies afforded by the IDEA if the parent is requesting relief that the administrative authorities could grant. N.B. by D.G. v. Alachua Cnty. Sch. Bd., 84 F.3d 1376, 1379 (11th Cir. 1996); M.T.V.

v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, (11th Cir. 2006) (finding that parent must first exhaust administrative remedies before seeking relief for violations of the ADA, Section 504, the IDEA, the First Amendment, and Section 1983).

Here, plaintiff's Amended Complaint demonstrates that the relief sought is a vindication of Prunty's right to be involved in the IEP process for his children under IDEA, and Prunty continually references that defendants' actions are in violation of the statue throughout his Amended Complaint.[2]  See Doc. #25, ¶¶ 2, 4, 7, 16, 19, 28, 31, 37, 43, 52, 58, 59, 61, 67, 73, 83, 90, 103.  Although Prunty argues that he is challenging the constitutionality of Florida Statute § 1003.57 regarding exceptional student instruction, in reality he is claiming that the defendants did not follow the procedures as set forth in the statute, in contravention of the IDEA.  This is exactly why the IDEA's administrative process is in place.  See N.B., 84 F.3d at 1379 (exhaustion requirement in place to prevent deliberate disregard and circumvention of agency procedures established by Congress).

As the Court has previously noted, before Prunty may assert a claim (whether characterized as a violation of the IDEA, Title

---

[2] And there is otherwise no indication that plaintiff has exhausted his administrative remedies since the Court's dismissal of his 2016 case, nor that the administrative process is incapable of granting plaintiff the requested relief such that plaintiff may bypass the administrative process.

VI, Section 1981, Section 1983, or any other statutory or constitutional provision), unless and until he *participates in and completes* the IDEA's administrative dispute resolution procedures. See Babicz v. Sch. Bd. of Broward Cnty., 135 F.3d 1420, 1422 n.10 (11th Cir. 1998) ("[A]ny student who wants relief that is available under the IDEA must use the IDEA's administrative system even if he invokes a different statute.").

Therefore, the First Amended Complaint is dismissed without prejudice to refiling following exhaustion of the IDEA's administrative procedures.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendants' Motion to Dismiss Amended Complaint (Docs. ## 27, 28, 39) are **GRANTED** and the First Amended Complaint (Doc. #25) is **dismissed without prejudice.**

2. The Clerk shall terminate all pending motions and deadlines as moot, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this ___22nd___ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record